United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20181 c/w
03-20447
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WESLEY JOSEPH SLANINA, also known as Wesley J. Slanina,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-75-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:

Wesley Joseph Slanina appeals the district court's order on remand to consider the impact of Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). The district court held that the general verdict finding Slanina guilty of two counts of possession of child pornography was based on the validated portions of the Child Pornography Act of 1996 and that the evidence was sufficient to support a finding that the images downloaded by Slanina were images of real children. Slanina argues that on remand, the Government did not present any

additional evidence, in particular expert testimony, to show that the images downloaded by Slanina depicted real children and, therefore, the Government failed to meet its burden of proof to establish that the images depicted real children.  Slanina does not argue that any of the images that he downloaded were virtual children, and not real children.

Free Speech Coalition did not establish a broad requirement that the Government must present expert testimony to establish that the unlawful image depicts a real child.  Three circuits that have considered this issue take the same position.  See United States v. Kimler, 335 F.3d 1132, 1142 (10th Cir.), cert. denied, 72 U.S.L.W. 3392 (U.S. Dec. 8, 2003)(No. 03-7285); United States v. Deaton, 328 F.3d 454, 455 (8th Cir. 2003) (per curiam) (citing United States v. Vig, 167 F.3d 443, 449-50 (8th Cir. 1999)); United States v. Hall, 312 F.3d 1250, 1260 (11th Cir. 2002), cert. denied, 123 S. Ct. 1646 (2003).  "Juries are still capable of distinguishing between real and virtual images; and admissibility remains within the province of the sound discretion of the trial judge."  Kimler, 335 F.3d at 1142.  Therefore, the Government was not required to present any additional evidence or expert testimony to meet its burden of proof to show that the images downloaded by Slanina depicted real children, and not virtual children.  The district court, as the trier of fact in this case, was capable of reviewing the evidence to determine

whether the Government met its burden to show that the images depicted real children.  See id.

Slanina argues that the district court erred in denying his motion to correct the written judgment to strike the conditions that the district court did not orally pronounce at sentencing pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  FED. R. CRIM. P. 36.  Slanina has not shown that the discrepancy between the orally imposed sentence and the written judgment is a clerical mistake or oversight which the district court may correct pursuant to Rule 36.  See United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995)(clerical error under Rule 36 is limited to "'mindless and mechanistic mistakes'" and "'minor shifting of facts.'").  Therefore, he has not shown that the district court erred in denying his Rule 36 motion.

Slanina argues that the district court erred in denying his motion to suppress the evidence obtained through a warrantless search of his office computer.  Slanina concedes that the issue is foreclosed because it was raised and decided in his original direct appeal, but states that he is raising it to preserve it for possible Supreme Court review.  "Under the law of the case doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the

appellate court on a subsequent appeal." <u>United States v.
Becerra</u>, 155 F.3d 740, 752 (5th Cir. 1998). "[A] prior decision
of this court will be followed without re-examination" unless,
inter alia, "the decision was clearly erroneous and would work a
manifest injustice." <u>Id</u>. at 752-53. "To be clearly erroneous, a
decision must strike [the court] as more than just maybe or
probably wrong; it must be dead wrong." <u>Hopwood v. Texas</u>, 236
F.3d 256, 272-73 (5th Cir. 2000). Because Slanina has not shown
that the court's previous decision affirming the denial of his
motion to suppress was "dead wrong," this court will not
reexamine this issue. <u>See</u> <u>id</u>.

AFFIRMED.