Affirmed and Opinion filed July 27, 2004









Affirmed and Opinion filed July 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01026-CR

____________

 

TIMOTHY
DENNIS PORATH, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________

 

On Appeal from the 337th District Court

Harris
County, Texas

Trial Court Cause No. 860,678

_______________________________________________

 

O P I N I O N








Appellant was charged with felony
possession of child pornography.  After
the trial court denied, in whole or in part, three pretrial motions, appellant
pleaded guilty pursuant to a plea agreement with the State.  The trial court found appellant guilty,
assessed punishment at seven years=
confinement, and granted appellant the right to appeal the denial of the
motions. In twelve issues, appellant contends the trial court erred in denying
(1) his motion to suppress because (a) the warrant and supporting affidavit
were defective, and (b) the officers executing the search warrant acted outside
of their jurisdiction; (2) his motion to declare section 43.26 of the Texas
Penal Code unconstitutional because the statute is overly broad and ambiguous;
and (3) his motion for pretrial determination of admissibility because expert
testimony is necessary to establish that the images at issue were actual
children.  We affirm.

I.  Factual Background

Sergeant Scott Schultz, with the Sugar Land Police
department, discovered appellant with a fifteen-year old boy in a park located
in Fort Bend County on July 19, 2000. 
Officer Kevin Brownlee was assigned to investigate.  Through his investigation, Brownlee learned
that appellant had met the child in an Internet chat room.  He also learned that some of their
conversations had been sexual in nature. 
After appellant admitted meeting the child on the Internet, Brownlee
obtained a search warrant for appellant=s residence.

Brownlee and three other detectives conducted the search at
appellant=s residence.  The officers seized a computer, a white box
containing ten diskettes, an assortment of videotapes and empty videotape
boxes, twenty-five magazines, a gay and lesbian yellow pages directory, a green
ice chest, one red golf club cover, one condom, eight computer diskettes, six
compact discs, and two cameras.  

Nickie Drehel, a computer forensics officer, retrieved
evidence from the two computers, diskettes, and compact discs.  On the diskettes, Drehel found a large number
of photographs, some of which appeared to be child pornography.  A forensic graphic artist with the Harris
County District Attorney=s office testified that the images taken from appellant=s computer were actual photographs
and not virtual images. 








The court denied appellant=s motion to find Penal Code section
43.26 unconstitutional, and partially granted and partially denied appellant=s motion to suppress evidence seized
from appellant=s home.  The trial court reviewed the pictures
extracted from various seized diskettes, admitting those that depicted children
under the age of eighteen and suppressing those that were arguably of men older
than eighteen.  After the court denied
appellant=s motions, appellant pleaded guilty
to the charge of possession of child pornography and obtained permission to
appeal the denial of his motions.

II. 
Denial of the Motion to Suppress

In ten issues, appellant contends the trial court erred in
partially denying his motion to suppress the evidence seized from his
apartment.

A.  Standard of Review








We review a trial court=s ruling on a motion to suppress
under a bifurcated standard of review by giving almost total deference to a
trial court=s determination of historical facts
and reviewing de novo the court=s application of the law of search and seizure.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000).  The trial court,
in determining whether a probable cause affidavit sufficiently supports a
search warrant, examines the totality of the circumstances and gives great
deference to the magistrate=s decision to issue the warrant.  Ramos v. State, 934 S.W.2d 358, 362B63 (Tex. Crim. App. 1996), cert.
denied, 520 U.S. 1198 (1997).  The
test for determination of probable cause is whether the magistrate had a
substantial basis for concluding that a search would uncover evidence of
wrongdoing.  Illinois v. Gates,
462 U.S. 213, 236B37 (1983).  Although
the trial court is bound by the four corners of the document, in determining
whether probable cause exists to issue a warrant, a magistrate may draw reasonable
inferences from the affidavit and must interpret the affidavit in a common
sense and realistic manner.  Ramos,
934 S.W.2d at 362B63; State v. Duncan, 72 S.W.3d 803, 805B06 (Tex. App.CFort Worth 2002, pet. dism=d); Guerra v. State, 860
S.W.2d 609, 611 (Tex. App.CCorpus Christi 1993, pet. ref=d) (citing Bower v. State, 769
S.W.2d 887, 902 (Tex. Crim. App. 1989)). 
The rationale for reviewing the affidavit in a common sense, rather than
a hypertechnical manner, is the preference of the legislature for utilization
of the warrant process by the police.  See Janecka v. State, 739 S.W.2d
813, 823 (Tex. Crim. App. 1987); see also Griese v. State, 820 S.W.2d
389, 392 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d). 
The allegations in the affidavit are sufficient if they would justify a
conclusion that the object of the search is probably on the premises.  Ramos, 934 S.W.2d at 363.  The trial court=s determination that an affidavit
establishes the existence of probable cause should be given great deference by
a reviewing court.  Bower, 769
S.W.2d at 902 (quoting United States v. Ventresca, 380 U.S. 102, 109
(1965)).

B. 
Evidentiary Warrant

1.  Nature of the Warrant

In his first issue, appellant contends the search warrant was
an evidentiary warrant that did not comply with article 18.01(c) of the Texas
Code of Criminal Procedure.  A search
warrant issued pursuant to article 18.02(10) of the Code of Criminal Procedure
allows a search for, and seizure of, Aproperty or items, except the
personal writings by the accused, constituting evidence of an offense or
constituting evidence tending to show that a particular person committed an offense.@ 
Tex. Code Crim. Proc. Ann.
art. 18.02(10) (Vernon Supp. 2004).  This
type of warrant is referred to as an evidentiary warrant.  Any evidentiary search warrant issued under
article 18.02(10) must be accompanied by an affidavit setting forth sufficient
facts to establish probable cause that (1) a specific offense has been
committed; (2) the specifically described property or items to be searched for
and seized constitute evidence of that offense, or evidence that a particular
person committed that offense; and (3) the property or items to be searched for
or seized are located at or on the particular person, place, or thing to be
searched.  Tex. Code Crim. Proc. Ann.
art. 18.01(c) (Vernon Supp. 2004). 








Here, the search warrant commands a peace officer to search
appellant=s residence and Aseize the property or items requested
in [Officer Brownlee=s affidavit].@  Officer Brownlee, in
his affidavit, sought to seize Aproperty or items constituting evidence that [appellant] has
committed the offense of Enticing a Child or Indecency with a Child including
computers, computer hardware, computer software, computer disks, books,
magazines, videotapes, photographs and any reproductions of the above.@ 
Accordingly, we conclude the search warrant is an evidentiary
warrant.  See Scott v. State, 868
S.W.2d 430, 432 (Tex. App.CWaco 1994, pet. ref=d).

2.  Probable Cause

Appellant also contends the affidavit
in support of the search warrant does not set forth sufficient facts to
establish probable cause that the specifically described property or items to
be searched for or seized constitute evidence of the offense of indecency with
a child or enticing a child.

Officer Brownlee stated in his
affidavit that he learned appellant contacted the complainant over the Internet
and they utilized the Internet for conversing with and e-mailing each
other.  The complainant informed him that
some of those conversations were sexual in nature.  Officer Brownlee also stated that in his
experience as a law enforcement officer, persons who entice children over the
Internet for sexual purposes retain copies of their correspondence and contacts
with these children.  Further, he stated
that these persons generally make these contacts and correspondence on a
personal home computer.  Officer Brownlee
also stated that such correspondence and other contacts with children are
generally located in books, magazines, videotapes, still photographs, computer
disks, and hardware and software located in the person=s residence.

Considering the affidavit as a whole
and the reasonable inferences it supports, we find there was a sufficient basis
for the court to conclude that a search of appellant=s residence for the property or items
listed in the affidavit would tend to show that appellant committed the offense
of indecency with a child or enticing a child. 
See Dixon v. State, No. 03-01-00459-CR, 2002 WL 31206210, at *6
(Tex. App.CAustin Oct. 3, 2002, pet. ref=d) (not designated for
publication).  Furthermore, we find
sufficient facts were set forth in the affidavit to establish probable cause to
believe that the property sought would constitute evidence of indecency with a
child or enticing a child.








In a sub-part to his first issue and
in issues seven, eight, and nine, appellant contends the affidavit does not set
forth sufficient facts to establish probable cause that property or items
constituting evidence of the offense were located at his residence.  Officer Brownlee stated in his affidavit that
in his experience as a law enforcement officer, contact for the purpose of
enticing children is generally engaged in on home computers.  As we have noted, Brownlee=s affidavit also contained statements
that appellant and the complainant met in an Internet chat room and that some
of their conversations were sexual in nature. 
The affidavit specifically stated that appellant reported he and the
complainant met in person on two occasions, one of those meetings took place at
appellant=s apartment and the other at Highland
Park, where appellant was arrested.[1]  Considering that the complainant also
stated  (1) appellant and he had smoked
marijuana at the park, (2) kissed, (3) appellant had touched his genitals, and
that among the items seized after appellant consented to a search of his
vehicle were a white plastic bag containing a vibrator, a container of
lubricant, and a partially smoked marijuana cigarette, it is not unreasonable
for the magistrate to have concluded that items of the offense of enticing or
indecency with a child could be found at appellant=s residence where appellant and the
complainant had a previous encounter. 
Furthermore, because appellant and the complainant met in an Internet
chat room, it is not unreasonable for the magistrate to have inferred that
appellant would use his home computer for the purpose of enticing
children.  Considering the totality of
the circumstances presented by the affidavit, deferring to the reasonable
inferences from the facts provided and to the common sense and practical interpretation
of the affidavit as understood by those versed in the field of law enforcement,
a substantial basis existed for the magistrate=s determination that evidence of
enticing a child would be found in appellant=s residence.  See Duncan, 72 S.W.3d at 805B06. Appellant=s first, seventh, eighth, and ninth
issues are overruled.








C. 
Appellant=s Personal Writings

In his second and third issues,
appellant contends the trial court erred in denying his motion to suppress
because the warrant was issued for seizure of appellant=s personal writings in violation of
article 18.02 of the Texas Code of Criminal Procedure and the First, Fourth,
and Fifth Amendments to the United States Constitution.  In Warden v. Hayden, 387 U.S. 294, 301
(1967), the United States Supreme Court determined that nothing in the language
of the Fourth Amendment supported a distinction between a warrant for Amere evidence@ of a crime and a warrant for the Ainstrumentalities or fruits of a
crime.@ 
In 1977, the Texas Legislature added a Amere evidence@ provision to article 18.02 of the
Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art.
18.02(10) (Vernon Supp. 2004).  The
personal writings exception was included to protect persons from searches
designed to find written evidence by which a person might incriminate himself.  See Reeves v. State, 969 S.W.2d 471,
483 (Tex. App.CWaco 1998, pet. ref=d), cert. denied, 526 U.S.
1068 (1999).  Although, article 18.02(10)
authorizes a search for mere evidence of a crime, it specifically disallows a
search for personal writings of the accused. 
Id.  APersonal writings@ refers to writings such as diaries,
memos, and journals, that were not intended by the writer to be published to
third parties.  Id. at 486.

Appellant, in his motion to suppress,
did not identify any personal writings that were seized in this case.  A motion to suppress is nothing more than a
specialized objection to the admission of evidence.  See Martinez v. State, 17 S.W.3d 677,
682B83 (Tex. Crim. App. 2000).  To preserve error, a request, objection, or
motion must state the grounds therefor with sufficient specificity to make the
trial court aware of the complaint.  Tex. R. App. P. 33.1(a).  If the objection made in the trial court
differs from the complaint made on appeal, the defendant has failed to preserve
error for review.  Wilson v. State,
71 S.W.3d 346, 349 (Tex. Crim. App. 2002). 
By failing to point to any personal writings that were seized pursuant
to the warrant, appellant has failed to preserve error.  Appellant=s second and third issues are
overruled.








D. 
Protected Speech

In his fourth, fifth, and sixth
issues, appellant contends the trial court erred in denying his motion to
suppress because the warrant sought seizure of protected speech and was a general
warrant in violation of the Fourth Amendment to the United States Constitution
and article I, sections 9 and 19 of the Texas Constitution.  Appellant contends the warrant was
impermissibly broad because the affidavit in support of the search warrant sought
to seize Acomputers, computer hardware,
computer software, computer disks, books, magazines, videotapes, photographs
and any reproductions of the above.@ 

The Fourth Amendment prohibits
issuance of general warrants allowing officials to burrow through a person=s possessions looking for any
evidence of a crime.  Andreson v.
Maryland, 427 U.S. 463, 480 (1976). 
A warrant must particularly describe the place to be searched and the
person or things to be seized.  Id.;
Walthall v. State, 594 S.W.2d 74, 78 (Tex. Crim. App. 1980).  In determining whether a specific warrant
meets the particularity requirement, a court must inquire whether an executing
officer reading the description in the warrant would reasonably know what items
are to be seized.  United States v.
Layne, 43 F.3d 127, 132 (5th Cir.), cert. denied, 514 U.S. 1077
(1995).  In circumstances where detailed
particularity is impossible, generic language is permissible if it
particularizes the types of items to be seized. 
Id.  

The warrant here is sufficiently
particular to withstand appellant=s challenge.  The language in the warrant properly limited
the executing officers= discretion by informing them what items were to be
seized.  See United States v.
Kimbrough, 69 F.3d 723, 727 (5th Cir. 1995) (holding that a warrant seeking
Atapes, cassettes, cartridges,
streaming tape, commercial software and manuals, hardware, computer disks, disk
drives, monitors, computer printers, modems, tape drives, disk application
programs, data disks, system disk operating systems,@ and other similar items was
particular enough to limit the officer=s discretion).








Appellant argues that the warrant in
this case is Anot dissimilar@ from the one held overly broad in Stanford
v. Texas, 379 U.S. 476 (1965).  To
the contrary, the warrant executed in Stanford was issued for the
recovery of Abooks, records, pamphlets, cards,
receipts, lists, memoranda, pictures, recordings and other written instruments
concerning the Communist Party of Texas[.]@ 
Id. at 478B79.  The warrant was
found unconstitutional because the items to be seized were primarily books and
the basis for their seizure was the ideas they contained.  Id. at 485.  In this case, the warrant did not authorize
the seizure of literary material because of the ideas contained in the
material.  The warrant authorized seizure
of child pornography and evidence of enticing a child.  Appellant=s fourth, fifth, and sixth issues are
overruled.

E. 
Jurisdiction of Executing Officers








In his tenth issue, appellant argues
the trial court erred in denying his motion to suppress because the officer
executing the warrant was outside of his jurisdiction.  Relying on McCain v. State,[2]
appellant claims that because Officer Brownlee, a Sugar Land police officer,
executed the warrant in Harris County, the evidence seized is inadmissible.[3]  In his appellate brief, appellant states he
initially raised the issue of Officer Brownlee=s jurisdiction during the January 11,
2002 hearing on his motion and, at that time, the trial court delayed ruling on
the motion pending a determination of whether any portion of Sugar Land was
also in Harris County.  According to
appellant, however, A[t]hat question was never answered on the record; [],
soon after the court referenced the Key Map, the State argued that there were
still other grounds upon which Officer Brownlee could have executed the warrant
in another county.  This response leaves
the obvious impression in the record that the question was answered in the
negative and that no part of Sugar Land is located in Harris County.@ 
Appellant=s Brief at 21 (citations omitted).  Appellant couches his assertions regarding
this issue as follows: Athe only evidence in the record is that a Sugar Land Police
Department officer executed a search [warrant] outside his jurisdiction.@ 
After a review of the record, however, we conclude appellant failed to
preserve this issue for our review.  See
Tex. R. App. P. 33.1(a).   

On December 10, 2001, appellant=s counsel filed a motion to suppress
entitled AMotion to Suppress Any and All
Evidence Seized From Defendant=s Residence on July 19, 2000.@[4] 
In his motion, appellant did not argue that the evidence seized from his
home should be excluded because Officer Brownlee was acting outside of his
jurisdiction.  However, on January 11,
2002, during the hearing on appellant=s motion, his counsel raised the
issue for the first time and the trial court entertained the argument.  Specifically, the record reveals the
following transpired concerning Officer Brownlee=s jurisdiction:

MR. FLOOD (Appellant=s counsel):  And
I also noticed, Your Honor, that the record consists of the affidavit for
search warrant, the search warrant and the return, and in review of all those
things it does not reveal that there was in fact authorization by Brownlee to
execute the search warrant in Harris County, Texas.

COURT:  Flush
that out.  What are you talking about?

* * * * 

COURT:  Is all
of Sugar Land in Fort Bend County?

FLOOD:  I don=t know
the answer to that question, Your Honor, however, the record in the case is B 

* * * * 

COURT:  But just like a City of Houston police
officer would be a peace officer within the city limits in Houston, that also
includes Fort Bend County and Montgomery County.  Parts of Houston are in both of those
counties.

FLOOD:  Right. 
I am just relying on the record in the motion to suppress. . . . 

* * * * 








COURT:  The question that I have first is, is any
part of Sugar Land in Harris County, Texas? 
Because if it is, they automatically have jurisdiction in Harris County.

* * * * 

COURT:  Well, that=s an
issue and it=s an issue I need to know the answer to.

* * * *

FLOOD:  I don=t know either.[5]

Further, the court noted that if an officer from Harris
County had accompanied Officer Brownlee, the issue was resolved. Appellant then
suggested the trial date be reset due to a scheduling conflict, and noted that,
in the meantime, the matter could be settled. 
The court reset the trial date and the following discussion ensued:

COURT:  Yes, for disposition, and I will have a
ruling for you, assuming I am going to hear back on something. 

MS. CROW (Prosecutor):  Judge, the answer to one or two
questions.  Do you just want to know if
the boundaries cross and if there were any Houston Police Department or Harris
County deputies.

COURT:  No, I need to know what authority, and it can
be answered in a couple different ways, if Sugar Land had been running Fort
Bend County search warrants in Harris County. 
Either they did it because they are peace officers in Harris County
based on having some jurisdiction in Harris County or they had Harris County
law enforcement with them or neither of the above. 

CROW:  A written submission, if I send it to you?

FLOOD:  Sure.

COURT:  If I could get that a couple of days in
advance of the 25th. . . . 

FLOOD:  I am still depending on my other arguments,
Your Honor.[6]    

 








At the conclusion of the hearing, the trial court stated it
would not rule on appellant=s motion without an answer to Athe question,@ that is, the officer=s jurisdiction to execute the
warrant. 

Eight months after the first hearing,
on September 19, 2002, another hearing was held on appellant=s motions to suppress.  At the beginning of the hearing, the court
noted that appellant=s motion, styled APretrial Determination of
Admissibility of Certain Evidence Under Rule 901,@ was to be considered.  Appellant=s counsel added that his AMotion to Declare Section 43.26 of
the Texas Penal Code Unconstitutional@ was also still pending and a hearing
on both motions could be conducted simultaneously.  Notably, however, appellant failed to mention
the issue concerning the jurisdiction of Officer Brownlee during the second
hearing and failed to raise the issue in either of the motions to be
considered.  Indeed, at the beginning of
the September 19 hearing, appellant=s attorney advised the court that he
had offered to stipulate to Officer Brownlee=s testimony, and the State was
putting him on in order to make sure the record was complete.  Pertinent to the issue of his jurisdiction,
Officer Brownlee testified that he and three other detectives executed the
search warrant.[7]  The record does not reflect that appellant
ever reasserted or obtained a ruling on his objection to the evidence seized
due to Officer Brownlee=s alleged lack of jurisdiction.  Following this second hearing, the trial
court denied appellant=s suppression motions.  









It is well established that almost
every right, constitutional or statutory, may be waived by a failure to object.
Willeford v. State, 72 S.W.3d 820, 824B25 (Tex. App.CFort Worth 2002, pet. ref=d) (citing Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990)). 
This includes contentions raised in a motion to suppress.  See, e.g., Strauss v. State,
121 S.W.3d 486, 489B90 (Tex. App.CAmarillo 2003, pet. ref=d) (finding counsel=s silence as to the validity of
appellant=s consent during hearing on motion to
suppress waived the issue); Smith v. State, 58 S.W.3d 784, 787 (Tex.
App.CHouston [14th Dist.] 2001, pet. ref=d) (holding defendant waived
complaint that officer lacked reasonable suspicion where defendant=s attorney asked the trial court to
delay ruling on his motion to suppress, but failed to subsequently secure a
ruling on his motion or to reassert his objection to the evidence).  As noted, a motion to suppress is a
specialized objection to the admissibility of evidence.  Moreno v. State, 124 S.W.3d 339, 343
(Tex. App.CCorpus Christi 2003, no pet.).  Therefore, a motion to suppress must meet all
of the requirements of an objection, that is, it must be timely and
sufficiently specific to inform the trial court of the complaint.[8]  Id. (citing Broxton v. State,
909 S.W.2d 912, 918 (Tex. Crim. App. 1995)). 
The trial court must be aware of an objection and given the opportunity
to address it.  See Tex. R. App. P. 33.1(a); see also
DeMoss v. State, 12 S.W.3d 553, 557 (Tex. App.CSan Antonio 1999, pet. ref=d). 

In this case, the trial court made no
ruling on appellant=s objection during the first hearing.  When the second hearing was conducted and the
specific issues to be addressed were announced, appellant failed to raise any
objection to the evidence based upon Officer Brownlee=s alleged lack of jurisdiction, or advise
the court that the issue was Aunresolved,@ as he now complains. 
Instead, appellant=s counsel stated that he offered to stipulate to any testimony
Officer Brownlee might offer.[9]








The record reflects that the parties
agreed to resolve the issue of Officer Brownlee=s jurisdiction prior to trial and the
court indicated it would not rule on appellant=s motions without a resolution to the
issue.  Assuming the parties failed to
satisfactorily resolve the matter, appellant bore the burden of bringing that
fact to the court=s attention and obtaining a ruling on it if he intended to
rely on the objection on appeal.  See Tex. R. App. P. 33.1(a); Strauss,
121 S.W.3d at 490 (finding that appellant=s failure to raise an issue during
the hearing on his motion to suppress, although raised in his written motion,
was waived); Cf. DeMoss, 12 S.W.3d at 556 (finding issue raised in
previous motion to suppress preserved because reasserted argument in hearing on
second motion and previous motion brought forward).  Under these circumstances, we find that
appellant waived this issue for our review; to conclude otherwise would
encourage parties to Alay behind the log,@ waiting to assert error on appeal
that should have been addressed in the trial court.  Appellant=s tenth issue is overruled. 

III. 
Constitutionality of Section
43.26 of the Texas Penal Code

In his eleventh issue, appellant
challenges the constitutionality of section 43.26(a) of the Texas Penal Code on
the basis that it is overly broad, vague, and violates the First Amendment
because it draws no distinction between possession of actual child pornography
and child pornography created by digital or computer imaging.  Section 43.26(a) provides: AA person commits an offense if: (1)
the person knowingly or intentionally possesses visual material that visually
depicts a child younger than 18 years of age at the time the image of the child
was made who is engaging in sexual conduct[.]@ 
Tex. Pen. Code Ann. ' 43.26(a) (Vernon 2003).  When reviewing the constitutionality of a
statute, we presume the statute is valid and that the legislature has not acted
unreasonably or arbitrarily in enacting it. 
Ex parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App.
1978).  Appellant bears the burden to show
the statute is unconstitutional.  See
Ex parte Anderson, 902 S.W.2d 695, 698 (Tex. App.CAustin 1995, pet. ref=d). 
The statute must be upheld if a reasonable construction can be
ascertained that will render the statute constitutional and carry out the
legislative intent.  See Ely v. State,
582 S.W.2d 416, 419 (Tex. Crim. App. 1979).








In construing whether a law is vague
and overbroad, we keep in mind the elementary principle of statutory
construction: we interpret a statute in accordance with the plain meaning of
its language unless the language is ambiguous or the plain meaning leads to
absurd results.  Sanchez v. State,
995 S.W.2d 677, 683 (Tex. Crim. App.), cert. denied, 528 U.S. 1021
(1999).  In determining plain meaning, A[w]ords and phrases shall be read in
context and construed according to the rules of grammar and common usage.@ 
Tex. Gov=t Code Ann. ' 311.011(a); Dowthitt v. State,
931 S.W.2d 244, 258 (Tex. Crim. App. 1996). 

In support of his arguments,
appellant relies on Ashcroft v. Free Speech Coalition, 535 U.S. 234
(2002).  In Free Speech Coalition,
the United States Supreme Court considered a challenge to the Child Pornography
Prevention Act of 1996 (ACPPA@).  Id. at
239.  The CPPA extended the federal
prohibition of child pornography to sexually explicit images that Aappear to@ depict minors engaging in sexual
conduct, but are produced without using any real children.  Id. 
Because the statute prohibited both protected and unprotected
speech, the Court held that the statute was unconstitutional to the extent it
regulated virtual images or images that merely appeared to depict children
engaged in sexual conduct.  Id. at
256.  In so holding, however, the Court
also observed, A[t]he freedom of speech has its limits; it does not embrace
certain categories of speech, including defamation, incitement, obscenity, and
pornography produced with real children.@ 
Id. at 246.

In Texas, it is an offense to
knowingly or intentionally possess Avisual material that visually depicts
a child younger than 18 years of age at the time the image of the child was
made who is engaging in sexual conduct@ if the person Aknows that the material depicts the
child@ engaging in sexual conduct.  Tex.
Pen. Code Ann. ' 43.26(a) (Vernon 2003). 
Unlike the federal statute, the plain language of the Texas statute
indicates that it prohibits only possession of material that depicts an actual
child, not material that merely Aappears@ to depict a child.  Id. 









Because section 43.26(a) only
prohibits pornography depicting actual children, the statute is not vague or
overbroad.  Webb v. State, 109
S.W.3d 580, 583 (Tex. App.CFort Worth 2003, no pet.). 
Further, because pornography produced with actual children is not a
category of speech protected by the First Amendment, the statute=s prohibition of these materials does
not violate the First Amendment.  Id.;
see also Free Speech Coalition, 535 U.S. at 246.  Appellant=s eleventh issue is overruled.

IV. 
Expert Testimony

In his twelfth issue, appellant
contends the trial court abused its discretion in denying his AMotion for Pretrial Determination of
Admissibility.@ 
Appellant contends the State is required to present expert testimony
that the images seized from appellant were actual images of children and not
computer-generated images of Avirtual children.@ 
He argues that testimony regarding whether the photographs were of
actual children, rather than Amorphed@ or virtual images, is technical or specialized evidence
which must be based on reliable methodology. 


The State presented two witnesses at
the pretrial hearing who testified that the images were not computer-generated
and were of actual children.  Nickie
Drehel, a forensic computer analyst for the Houston Police Department,
testified to the method utilized to retrieve the images from appellant=s computer.  He did not testify as to whether the images
were Amorphed@ or altered.  Juan De Anda, a graphic artist for the Harris
County District Attorney=s office, testified that the images were of actual children
and not of Avirtual children.@ 
He testified that computers were not yet capable of producing realistic
images of human beings.  He further
testified that he knew of no other expert in his field who used this reasoning.

The admission of expert testimony is
governed by Texas Rule of Evidence 702, which provides: 

If scientific, technical, or other specialized
knowledge will assist the trier of fact to understand the evidence or to
determine a fact in issue, a witness qualified as an expert by knowledge,
skill, experience, training, or education, may testify thereto in the form of
an opinion or otherwise. 

 








Tex. R. Evid.
702.  The trial court=s task in assessing admissibility
under Rule 702 is to determine whether the expert testimony is sufficiently
reliable and relevant to help the jury in reaching accurate results.  Kelly v. State, 824 S.W.2d 568, 573
(Tex. Crim. App. 1992).

In Kelly, the Texas Court of
Criminal Appeals set forth a three‑prong reliability test and identified
seven non‑exclusive factors for courts to consider in assessing
reliability of scientific evidence.[10]  Id. 
Evidence derived from a scientific theory, to be considered reliable,
must satisfy three criteria in any particular case: (a) the underlying
scientific theory must be valid; (b) the technique applying the theory must be
valid; and (c) the technique must have been properly applied on the occasion in
question.  Id.  All three criteria must be proved by the
proponent of the evidence before the evidence may be admitted.  Jackson v. State, 17 S.W.3d 664, 670
(Tex. Crim. App. 2000).








The first question to be determined
is whether the testimony is sufficiently reliable and relevant to help the jury
in reaching accurate results.  Morales
v. State, 32 S.W.3d 862, 865 (Tex. Crim. App. 2000).  Appellant again relies on Ashcroft v. Free
Speech Coalition, 553 U.S. at 234, for the proposition that expert
testimony is necessary to show whether the pornographic images are of actual
children.  The Supreme Court in Free
Speech Coalition, however, did not establish a broad requirement that the
government must present expert testimony to establish that the unlawful image
depicts a real child.  United States
v. Slanina, 359 F.3d 356, 357 (5th Cir. 2004).  In Free Speech Coalition, the
government claimed that, under then current technology, virtual images could be
created that are indistinguishable from real images.  535 U.S. at 254.  The Court found this hypothesis Asomewhat implausible.@ 
Id.  The Court reasoned, A[i]f virtual images were identical to
illegal child pornography, the illegal images would be driven from the market
by the indistinguishable substitutes. 
Few pornographers would risk prosecution by abusing real children if
fictional, computerized images would suffice.@ 
Id.

In the wake of Free Speech
Coalition, several courts have determined that the presentation of the
pictures alone constitutes sufficient evidence for determining that an actual
child is depicted in the pornographic image. 
See Slanina, 359 F.3d at 357 (A[T]he Government was not required to
present any additional evidence or expert testimony to meet its burden of proof
to show that the image downloaded by [the defendant] depicted real children,
and not virtual children.@); United States v. Kimler, 335 F.3d 1132, 1142 (10th
Cir. 2003) (AJuries are still capable of
distinguishing between real and virtual images.@); United States v. Deaton,
328 F.3d 454, 455 (8th Cir. 2003) (upholding jury=s conclusion that pictures depicted
actual children Awhere the images themselves were the only evidence the
government presented on the subject@); United States v. Hall, 312
F.3d 1250, 1260 (11th Cir. 2002) (concluding, after review of pictures, that Ano reasonable jury could have found
that the images were virtual children created by computer technology as opposed
to actual children@); United States v. Fuller, 77 Fed. Appx. 371, 380
(6th Cir. 2003) (unpublished disposition) (citing Deaton for proposition
that Ajury=s conclusion that real children were
depicted may be upheld even when the only evidence offered was the images
themselves@); see also People v. Normand,
803 N.E.2d 1099, 1103 (Ill. App. Ct. 2004) (holding that under Illinois child
pornography statute Athe trier of fact may make a determination as to how an image
was produced from the image itself@); Commonwealth v. Simone,
2003 WL 22994238, at *22B23 (Va. Cir. Ct. Oct.10, 2003) (unpublished disposition)
(holding that under Virginia child pornography statute Athe Commonwealth may seek to rely
upon the images themselves without the necessity for expert opinion@ to prove that pictures depict images
of actual children); but see United States v. Hilton, 2004 WL 691247, at
**5 (1st Cir. (Me.) April 2, 2004) (A[G]overnment must introduce relevant
evidence in addition to the images to prove the children are real.@) (emphasis in original) (not yet
published). 








Thus, the
trial court is capable of reviewing the evidence, without the benefit of expert
testimony, to determine whether the State met its burden to show the images
depicted real children as opposed to Avirtual
children.@ 
Accordingly, appellant=s twelfth
issue is overruled.

For the
foregoing reasons, the judgment of the trial court is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Opinion filed July 27, 2004.

Panel consists of Justices Edelman, Frost, and
Guzman.

Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  It is not
clear from the affidavit whether 
appellant and the complainant had met on a prior occasion at the park,
or if the occasion at issue was the second time the two had met.  





[2]  995 S.W.2d 229
(Tex. App.CHouston [14th Dist.] 1999, pet. ref=d, untimely filed). 





[3]  Appellant does
not argue the evidence should have been excluded as a violation of Texas law or
the Fourth Amendment.     





[4]  The record
reflects that appellant=s first motion to suppress was filed on March 5, 2001,
by his attorney at that time, Candelario Elizondo.  This motion did not raise the issue of
Officer Brownlee=s jurisdiction.   






[5]  During the
discussion, appellant advised the court that, based on the state of the record,
the evidence was that Officer Brownlee was outside of his jurisdiction.  The trial court noted that appellant failed
to raise the issue in his motion and, therefore, it would let the State
respond.   





[6]  On January 25,
2002, an unsigned AStipulation of Evidence@ was
filed, stating in part that Brownlee, another Sugar Land Police Department
detective, and a Houston Police officer, Sparkman, executed the warrant.  Because this document was not signed by
appellant=s counsel, we do not consider it. 





[7]  The complaint
against appellant also states that Brownlee and Aother
officers@ executed the warrant. 






[8]  This
requirement has a dual purpose:  (1) to
inform the trial court of the basis for the objection;  and (2) to provide opposing counsel the
opportunity to cure the objection or supply other testimony.  Moreno, 124 S.W.3d at 343.  





[9]  We find
appellant=s reliance on McCain misplaced.  In McCain, Fort Bend County peace
officers obtained evidence as a result of an illegal warrantless arrest
conducted outside of their jurisdiction. 
McCain, 995 S.W.2d at 233B34.  In this case, the evidence objected to was
seized by virtue of a valid warrant. 
Moreover, in this case, it is unclear from the record that Officer
Brownlee was indeed acting outside of his jurisdiction.  In fact, the record reflects that appellant=s counsel did not know whether any area of Officer
Brownlee=s jurisdiction fell within Harris County, and did not
know whether a Harris County officer had indeed accompanied Officer
Brownlee.  See McGee v. State, 105
S.W.3d 609, 613 (Tex. Crim. App. 2003) (noting that an accused seeking to
suppress evidence bears the burden of proving the presumption of proper police
conduct); see also State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000) (noting that when there are no written findings, an appellate court is to
view evidence in the light most favorable to the trial court=s ruling).  





[10]  Factors that
could affect a trial court=s determination of reliability include, but are not
limited to:  (1) the extent to which the
underlying scientific theory and technique are accepted as valid by the
relevant scientific community, if such a community can be ascertained; (2) the
qualifications of the experts testifying; (3) the existence of literature
supporting or rejecting the underlying scientific theory and technique; (4) the
potential rate of error of the technique; (5) the availability of other experts
to test and evaluate the technique; (6) the clarity with which the underlying
scientific theory and technique can be explained to the court; and (7) the
experience and skill of the persons who applied the technique on the occasion
in question.  Kelly, 824 S.W.2d at
573.