**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-20038
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN PAUL ROTH,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:97-CR-96-1

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

John Paul Roth, federal prisoner # 76094-079, appeals the district court's denial of his motion filed in December 2008 under Federal Rule of Criminal Procedure 36 to correct an alleged clerical error in the district court's 1999 judgment of conviction. In December 1996, Roth was arrested by state officials on charges of drug possession. A Texas court sentenced him to a 20-year prison term in August 1997. That same month in federal court, he pleaded guilty, pursuant to a plea agreement, to participating in a drug conspiracy and a

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy to launder money. Though Roth's prior convictions made him eligible for a mandatory sentence of life imprisonment, the district court granted the Government's motion under U.S.S.G. § 5K1.1 (substantial cooperation) and sentenced Roth to concurrent prison terms: 264 months on the drug count and 240 months on the money-laundering count. After the court entered judgment, it granted the Government's agreed motion to amend it, as relevant here, "to reflect that the sentences imposed in the federal case (264 and 240 months) are to run concurrent to the defendant's sentence imposed" in state court. The court then entered the amended judgment, recommending that Roth's sentence "run concurrent to the term imposed" in the Texas court.

The Board of Prisons determined that Roth was entitled to credit on his federal sentence for the approximately nine months that he spent in state custody after his arrest but before he was sentenced in Texas. According to Roth, he is also eligible to receive credit for the some 17 months served in state custody after he received his state sentence in August 1997 but before he was sentenced in federal court in January 1999 (this time apparently was credited against his state sentence).[1] Roth argues that the 1999 federal judgment does not clearly reflect the sentencing court's intent that the state and federal sentences run "fully concurrently."

Roth has not established that the district court erred in denying his instant Rule 36 motion to correct the judgment. A district court "may at any time correct a clerical error in a judgment" that arises from an "oversight or omission." FED. R. CRIM. P. 36. A clerical error occurs when "the court intended one thing but by merely clerical mistake or oversight did another." *United*

---

[1] In late August 1997, Roth was brought into federal custody from state custody, where he was serving his state sentence, by the federal court's writ of habeas corpus ad prosequendum; he also asserts that two days after his January 1999 federal sentence he was transferred back to state custody to serve his state sentence, that in May 2001 he was paroled from his state sentence and was to taken into federal custody to serve the remainder of his federal sentence.

*States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (quoting *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995)). Nothing in the record establishes that the district court's judgment did not accurately reflect its intent. The judgment does not contradict anything that the judge said at the sentencing hearing. *See United States v. Slanina*, 359 F.3d 356, 357-58 (5th Cir. 2004) (per curiam). Indeed, the record shows that the court crafted the relevant portion of the judgment expressly as the parties requested in the agreed motion to amend the judgment. Roth's argument that the judgment does not reflect the court's intent to apply U.S.S.G § 5G1.3(b) is misplaced because no mention of this guideline was made at sentencing, so there is no evidence that the court intended for it to have any effect on the sentence. Moreover, Roth is not entitled, as he insists, to a more detailed explanation in the judgment regarding how the sentence should be executed. The judgment is consistent with the court's verbal explanation of the sentence and its grant of the motion to amend the judgment; thus Rule 36 cannot be used to clarify the sentence. *See United States v. Patrick Petroleum Corp.*, 703 F.2d 94, 98 (5th Cir. 1982).

To the extent that Roth argues that the Bureau of Prisons has incorrectly calculated his sentence, this claim is not cognizable in a motion under Rule 36. *See United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989). Rather, Roth must raise it in a motion under 28 U.S.C. § 2241 filed in the district where he is incarcerated. *Id.* at 151-52.[2]

The decision of the district court is AFFIRMED.

---

[2]Relief under 28 U.S.C. § 2255 has not been sought and is in any event plainly and facially barred by limitations under 28 U.S.C. § 2255(f).