# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2015

Lyle W. Cayce
Clerk

No. 13-20056
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM HORNBEAK, also known as Pookie,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-453-2

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William Hornbeak pleaded guilty to one count of conspiracy to participate in sex trafficking, charged under 18 U.S.C. § 371, and two counts of transporting an individual in interstate commerce with the intent for such individual to engage in prostitution, in violation of 18 U.S.C. § 2421. He first challenges the adequacy of the factual basis offered in support of his guilty plea as to the conspiracy count. He contends that there was an inadequate basis to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support the offense set forth in the written judgment, which described the object of the conspiracy as sex trafficking by force, fraud, or coercion. Hornbeak's appeal waiver bars an appeal of his sentence and does not apply to this claim, which pertains to the validity of his conviction. *See United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008); *United States v. Palmer*, 456 F.3d 484, 488-89 (5th Cir. 2006).

The district court did not clearly err in concluding that Hornbeak's guilty plea to the § 371 conspiracy was supported by a sufficient factual basis. *See Hildenbrand*, 527 F.3d at 474-75; *United States v. Brooks*, 681 F.3d 678, 699 (5th Cir. 2012). At rearraignment, Hornbeak agreed that he knowingly conspired with others to pursue the sex trafficking and prostitution scheme as to the adult victims. He admitted taking overt actions to further the scheme. Also, the indictment and the plea agreement, which Hornbeak signed, indicate that he physically abused and beat victims of the scheme. A signed addendum to the agreement indicates that Hornbeak reviewed the plea agreement with his attorney, understood it, and voluntarily agreed to its terms.

Finally, one of the victims to the scheme testified at an initial sentencing hearing that Hornbeak routinely beat her with an extension cord. *See Hildenbrand*, 527 F.3d at 475 (holding, under clear error review, that "inferences may be fairly drawn from the evidence adduced after the acceptance of a guilty plea but before or at sentencing" when determining whether there is an adequate factual basis for a guilty plea) (internal quotation marks and citation omitted)). Even if there were nothing to show that Hornbeak, himself, used force, fraud, or coercion during the scheme, there was a sufficient factual basis demonstrating that, as to the conspiracy offense in Count One, his co-conspirators did. *See United States v. Chaney*, 964 F.2d 437, 453 (5th Cir. 1992). On this record, we cannot say that we are left "with a

definite and firm conviction that a mistake has been committed." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (internal quotation marks and citation omitted).

Next, Hornbeak raises three arguments challenging the district court's inclusion, in the written judgment, of a requirement that he comply with the Sex Offender Registration and Notification Act (SORNA) as a condition of supervised release. The record reflects that Hornbeak's appeal waiver was knowing and voluntary. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). His challenges to the district court's inclusion of the SORNA requirement as a condition of supervised release are barred by his valid appeal waiver, and we discern no clerical error in light of the inclusion of a description of Hornbeak's duties under the SORNA in his plea agreement. *See United States v. Higgins*, 739 F.3d 733, 738-39 & n.16 (5th Cir.), *cert. denied*, 134 S. Ct. 2319 (2014); *see also United States v. Slanina*, 359 F.3d 356, 357-58 (5th Cir. 2004).

AFFIRMED.