# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20061

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO SALDANA-CORDERO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-549-1

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Rodolfo Saldana-Cordero on appeal has filed a motion to withdraw and a brief that relies on *Anders v. California*, 386 U.S. 738 (1967). Saldana-Cordero has not filed a response. A review of counsel's brief and the record reveals the following nonfrivolous appellate issue: whether there is a conflict with respect to a special condition of supervised release requiring Saldana-Cordero to seek documentation authorizing him to work in the United States that is included

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20061

in the written judgment but was not orally pronounced by the district court at sentencing.

Generally, because a defendant has no opportunity at sentencing to object to a special condition of supervised release later imposed in the written judgment, this court reviews the issue for abuse of discretion. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). As a result of a defendant's constitutional right to be present at sentencing, the oral pronouncement of sentence controls over the written judgment where there is a conflict between the two. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001); *accord United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). "If the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement, a conflict exists," and "the appropriate remedy is remand to the district court to amend the written judgment to conform to the oral sentence." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). There is no conflict if the judgment includes supervised release conditions that are mandatory, standard, or recommended by the Sentencing Guidelines, even if the conditions were not orally pronounced at sentencing. *See Torres-Aguilar*, 352 F.3d at 938. However, a conflict exists if there is a special condition of supervised release that was not included in the oral pronouncement of sentence. *See id.* at 936.

Counsel acknowledges the discrepancy between the oral pronouncement of sentence and the written judgment in this case, but we are not persuaded that the issue is frivolous or that the discrepancy is a mere clerical error rather than an actual conflict. *See United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008); *United States v. Slanina*, 359 F.3d 356, 357-58 (5th Cir. 2004). In light of the foregoing, we conclude that there is a nonfrivolous issue for appeal.

No. 18-20061

We therefore DENY the motion to withdraw without prejudice and, in the interest of judicial economy, REMAND to the district court with instructions to amend the written judgment to conform to the oral sentence and to have the amended judgment filed in the record in this appeal. We retain jurisdiction over this appeal, and upon the district court's amendment of the judgment, counsel shall file a new appellate brief or a new *Anders* brief as is warranted.