# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40899
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAUL JAVIER STEVENS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-135-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Raul Javier Stevens, who was convicted in 2005 of drug-related offenses, contests the denial of his Federal Rule of Criminal Procedure 36 motion. He asserts: the district court's discussion at sentencing concerning the appropriateness of a two-level role adjustment under Sentencing Guideline § 3B1.1(c) conflicted with its adoption of the presentence investigation report, which recommended a three-level Guideline § 3B1.1(b)

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

role adjustment, and the guidelines calculation and the imposed sentence were therefore in error; and, because the claimed oral pronouncement of his sentence conflicted with the written pronouncement of his sentence, the oral pronouncement controls and the "clerical error" can be corrected pursuant to Rule 36.  (Our court rejects Stevens' contention that we should reverse the judgment because the Government's response to his Rule 36 motion was mailed to a prison facility where he was formerly housed.)

Rule 36 provides:  "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission".  Fed. R. Crim. P. 36.  Stevens "has not shown that the [claimed] discrepancy between the orally imposed sentence and the written judgment is a clerical mistake or oversight which the district court may correct pursuant to Rule 36".  *United States v. Slanina*, 359 F.3d 356, 357–58 (5th Cir. 2004) (citation omitted); *see also United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014) (noting Rule 36 is meant to correct only "mindless and mechanistic mistakes").  In any event, there is no conflict between the court's oral and written pronouncements.  The court, at sentencing and in the written judgment, imposed a sentence of 274 months' imprisonment. (Stevens' sentence was later reduced to 222 months' imprisonment, pursuant to 18 U.S.C. § 3582(c)(2) (allowing the court to modify a sentence based on a sentencing range subsequently lowered by the Sentencing Commission)).

Moreover, the record and the reasons given by the district court for denying Stevens' Rule 36 motion make clear that application of the three-level § 3B1.1(b) adjustment was not the result of a clerical mistake or oversight.  *See United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).

AFFIRMED.