# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40660
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUSTIN RYAN SERNA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-652-1

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Justin Ryan Serna, federal prisoner # 92519-379, moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his Federal Rule of Criminal Procedure 36 motion. Serna pleaded guilty to sexual exploitation of a child, and he is currently serving a 180-month sentence, to be followed by a 10-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40660

By moving to proceed IFP, Serna is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In cases where there are no factual disputes, we review a district court's denial of a Rule 36 motion de novo. *United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014). In some unpublished cases, we have reviewed the denial of a Rule 36 motion only for an abuse of discretion. *See United States v. Webster*, 466 F. App'x. 319, 320 (5th Cir. 2012). We need not decide which standard applies here, though, because Serna is not entitled to relief under either standard. *See United States v. Crawley*, 463 F. App'x. 418, 420 n. 1 (5th Cir. 2012).

Serna argues that he is entitled to correction of the judgment because although the district court orally pronounced at sentencing that he must participate in mental health or sex offender treatment as a condition of his supervised release, the court did not orally specify that he could be required to undergo invasive treatment procedures or that he must pay the costs of treatment. In addition, he acknowledges that the court orally announced that he was barred from subscribing to online computer services without the consent of his probation officer during his supervised release term, but he maintains that the written judgment expands this condition by barring him from possessing any devices containing Internet-capable software without authorization from the probation officer. Serna contends that these expansions of the supervised release terms in the written judgment constitute conflicts with the oral pronouncement of sentence and that he is entitled to reformation of the judgment under Rule 36.

The Rule 36 motion filed by Serna did not seek to correct an error that was the result of oversight or omission such that it may be corrected pursuant to Rule 36. *See* FED. R. CRIM. P. 36; *United States v. Slanina*, 359 F.3d 356,

No. 19-40660

357-58 (5th Cir. 2004). Accordingly, the district court did not err in denying his request for relief. Because the appeal lacks any arguable merit, Serna's IFP motion is DENIED, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.