**122**

UNITED STATES of America

v.

Francis **LABATE**, Joseph P. Ballard, Francis Jack Kesting, Harry Deering, Harry H. Nonnemacker, Jr., Aaron Sussman, Harry Nassau, Maurice Herbert Chamberland, Harry Chorney, Charles F. Spalazzo, Aaron Sussman, Appellant.

UNITED STATES of America

v.

Francis **LABATE**, Joseph P. Ballard, Francis Jack Kesting, Harry Deering, Harry H. Nonnemacker, Jr., Aaron Sussman, Harry Nassau, Maurice Herbert Chamberland, Harry Chorney, Charles F. Spalazzo, Harry D. Nassau, Appellant.

Nos. 12818, 12819.

United States Court of Appeals Third Circuit.

Argued May 26, 1959.

Decided Aug. 21, 1959.

Certiorari Denied Nov. 23, 1959.
See 80 S.Ct. 211.

Daniel H. Greenberg, New York City, for appellants.

Joseph L. McGlynn, Jr., Asst. U. S. Atty., Philadelphia, Pa. (Harold K. Wood, U. S. Atty., Norman C. Henss, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and KALODNER and STALEY, Circuit Judges.

BIGGS, Chief Judge.

These appeals can be disposed of in one opinion since they involved the same criminal proceedings in the court below. The defendants-appellants have raised six issues, any one of which they assert, furnishes an adequate basis for a new trial. Five of these issues were dealt with most competently and disposed of correctly contrary to the appellants' assertions, in the thoughtful opinion of Judge Lord in the court below, D.C.,

1958, 168 F.Supp. 531, and need not be discussed here.

The appellants as their sixth point for reversal allege that there was a failure to record and transcribe the grand jury proceedings resulting in the indictment and that this was prejudicial to the appellants' rights under the Fifth Amendment in the light of a further allegation made by them that none of the witnesses for the United States at the trial gave evidence against the appellants before the grand jury. The indictment charged the appellants and others with stealing and receiving property stolen from the United States. The appellants' position in this regard is best set out by quoting from their brief. The brief states: "Since the government witnesses testifying in this case as to the direct knowledge by Sussman and Nassau that the goods they were purchasing were stolen, Martin Weiner and Lichtman, each stated he did not testify before the grand jury, except to claim his privilege against self-incrimation, then it was imperative for counsel to determine what, if any, proof there was before the grand jury returning this indictment. When the prosecutor stated 'no notes of testimony' were taken before this grand jury, this defense inquiry was thwarted and forestalled."

We will accept as a "fact", for the purposes of these appeals only, that there was no reporter present at the proceedings before the grand jury and that there is and can be no stenographic transcription of those proceedings.[1]

Rule 12(b) (2), Fed.R.Crim. Proc., 18 U.S.C., provides that defenses and objections based on defects in the institution of the prosecution or in the indictment, other than that the indictment fails to show jurisdiction in the court or fails to charge an offense, may be raised only by motion before trial, and also that the failure to make such motion constitutes a waiver of the defense. The same rule provides as well that the trial court may grant relief from the waiver for cause shown. The appellants failed to make any motion pursuant to Rule 12(b) (2). Cf. Costello v. United States, 1956, 350 U.S. 359, 360, 76 S.Ct. 406, 100 L.Ed. 397. Had they done so, the trial judge could have inquired into this issue and an adequate record could have been made. Absent such a record the appellants seek to have us reach the question of inadequate evidence as a basis for the grand jury presentment against them with no proof in the record that such was indeed the case.

The absence of grand jury testimony is attempted to be employed by the appellants as an auxiliary, as a kind of oblique lever, to endeavour to demonstrate in the present proceedings that they were indicted on insufficient or incompetent evidence. This they cannot do. In Costello, supra, 350 U.S. 363, 364, 76 S.Ct. 408–409, the Supreme Court held that an indictment based on hearsay evidence was valid and that it would not

---

1. There is no evidence in the record that the testimony before the grand jury was not taken or transcribed. The appellants rely on statements made by the Assistant United States Attorney during the trial as set out in the transcript of the proceedings. In respect to the question as to whether any witnesses who appeared before the grand jury also testified at the trial, the Assistant United States Attorney stated: "Of my own knowledge I can't say whether any of them appeared. I can say that no record was made of their testimony if they did appear. So I doubt very much if any of them did." The Assistant United States Attorney also stated: "I do not believe they testi-

fied at all, Your Honor, but I am sure there were people who testified whose testimony was not taken down. I am not sure, but I certainly assume there were, because ordinarily we do not bother the court reporters for every little bit of testimony before the grand jury. They would never get their work done in court." The Assistant United States Attorney also stated: "There were, as to my knowledge, no notes of testimony of the present indictment."

It is not clear from the foregoing whether the Assistant United States Attorney was speaking of his own personal knowledge as to what transpired before the grand jury.

establish a rule permitting defendants in criminal cases to challenge indictments on the ground that they are not supported by adequate or competent evidence.[2] We would not change this salutary ruling even if we could do so.

There is no showing or even allegation that the grand jury was not constituted properly or had no evidence before it.

No constitutional issue lurks in the present record. The judgments of conviction will be affirmed.

McAllister, Circuit Judge, dissented.

---

**2.** This extent, if any, that Rule 12(b)(2) is modified by the Costello opinion is not before us.