**Luther F. GRANT and Sirrka V. Grant, Petitioners,**

v.

**UNITED STATES of America, Defendant.**

Misc.

United States District Court
N. D. New York.

March 8, 1960.

Bond, Schoeneck & King, Syracuse, George Bond, Jr., Syracuse, of counsel, for petitioners.

Theodore F. Bowes, U. S. Atty., Syracuse, for defendant.

### JAMES T. FOLEY, District Judge.

In this proceeding an order signed by me, dated February 26, 1960, directed the United States Attorney in this district to show cause why an order should not be made pursuant to Rule 41 (e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for suppression for use as evidence of certain books, records and other papers obtained from the petitioners during an investigation of their financial affairs by the Internal Revenue agents. The petitioners are doctors and husband and wife. The order to show cause was based upon the petition of Dr. Luther F. Grant and the affidavit of an accountant. The contention is that such records were obtained by false and misleading actions of the agents intended to deceive and mislead the petitioners as to the true nature of the investigation, thus resulting—it is claimed—in an unlawful search and seizure. The order to show cause was made returnable at my next scheduled motion day in Albany, on March 21, 1960. The reason for such place of return was that the agents involved are stationed at Albany, and the petitioners, as I understand it, live and practice their profession in a county near the City of Albany. The hearing on the petition was directed to be held in Albany, and in the meantime the United States Attorney was stayed from submitting any of the challenged evidence to a grand jury. The order also granted allowing the taking of the depositions of the agents involved pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for use at the hearing to be held.

Upon my arrival in Syracuse on March 1, 1960, to commence the trial term, the Assistant United States Attorney, Mr. Ray, apparently in charge of this prosecution, earnestly sought by brief and the furnishing of legal authorities to persuade me to vacate the order to show cause ex parte and upon my own motion without the filing of opposing affidavits. Upon my refusal to do so, an order to show cause was obtained from me, dated March 4, 1960 and returnable here at Syracuse on March 7, 1960. The order to show cause is supported by the affidavit of the United States Attorney and two affidavits of Internal Revenue agents, as to their conduct in the interview and investigation of the petitioners. It seeks to dissolve the stay and vacate the original order to show cause. The affidavit of the United States Attorney states that this proceeding and stay interfere with the powers of a federal grand jury and his proper function as United States Attorney. Upon the return date an answering affidavit was filed by Dr. Luther F. Grant categorically denying the statements and warnings contained in the affidavits of the Internal Revenue agents. Such is the status of the proceeding now.

First, should the stay be dissolved? I use such power of restraint sparingly, and I would not use it at all if I did not think it is supported by precedent. The reasoning in the noted In re Fried case, 2 Cir., 161 F.2d 453, 455, 459, 1 A.L.R.2d 996, authorizes such judicial interference. See Application of Bodkin, D.C. E.D.N.Y., 165 F.Supp. 25. Chief Judge Brennan in this district used the same type restraining order in Lapides v. United States, 2 Cir., 215 F.2d 253 in a similar proceeding as here and it was not questioned. Most important, I see no harm by this stay to the cause of the government pending a hearing because the attorney for the petitioners has agreed by letter and on the record in open court that a complaint may be filed before a Commissioner without any challenge on his part, a summons issued, and to allay the fear that the sole purpose of this proceeding is to force disclosure of the gov-

ernment's case to waive any right to hearing before the Commissioner. Thus the statute of limitation will be tolled.

 As to a hearing, in my judgment and from my experience, it is the best way to search for the truth and solve disputed factual propositions of this sort. To me the grant of a hearing always gives a sense of fair play even though the merits of the application be in doubt. I presided at the Sclafani trial and permitted full exploration of this subject. The completeness of the record in this respect answered the challenge that the acts of the agents obscured the potential scope of the inquiry. United States v. Sclafani, 2 Cir., 265 F.2d 408, 414–415, certiorari denied 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534. To hold a hearing and keep it within proper bounds as to the narrow issue presented seems the safer course to follow. There was sharp disagreement in the Lapides case, supra, because a hearing was not held and Judge Hincks supported the conclusion of the majority with the reasoning that the opportunity for a hearing was afforded to the petitioner. I am unable as yet to conclude from the affidavits filed in this proceeding that the issue is clear and undisputed in favor of the government. Russo v. United States, 2 Cir., 241 F.2d 285. The fear of the government that a full scale fishing expedition will be under way in taking the depositions of the agents should be allayed because the Federal Rules of Civil Procedure govern this type of proceeding, and the protective provisions of such Rules may be invoked. Russo v. United States, supra. Rule 41 (e) provides by its terms that evidence shall be received by the judge and an issue of fact on a claim of unlawful search and seizure may be decided under this rule. United States v. Klapholz, 2 Cir., 230 F.2d 494.

I have been informed several times during conferences with the attorneys, by the Assistant United States Attorney, and it was so stated again in open court on March 7th for the record, that the government intends immediate appeal if my decision is adverse to it. I welcome such appeal, do not pretend to be infallible and am not afraid to be wrong if my conscientious deliberation impels me to do what I think is right. In view of recent Second Circuit decision it seems important to point out that we have an odd situation in this District, and I am not certain the Court of Appeals, Second Circuit, is aware of it. There is no regular grand jury stenographer and at the will of the government attorneys the official court reporters are called in at times to take the testimony only of certain witnesses. This has been a custom for many years and several motions I have had for inspection of the grand jury minutes have been met with the answer that there are none in existence. Hearings may be more necessary here than in other districts where the grand jury minutes of government witnesses are taken. In several recent cases, Circuit Judge Lumbard, now Chief Judge of this Circuit, in strong, impressive and persuasive opinions, has emphasized the right of the defense to have the use of grand jury testimony for impeachment purposes. United States v. McKeever, 2 Cir., 271 F.2d 669; United States v. Zborowski, 2 Cir., 271 F.2d 661. It may be legally proper but it seems incongruous that such an important safeguard expounded for this Circuit may be frustrated here. United States v. Labate, 3 Cir., 270 F.2d 122, certiorari denied Sussman v. United States, 361 U.S. 900, 80 S.Ct. 211, 4 L.Ed.2d 157. Although I recognize the significant difference that it occurred at the trial, the sovereign right of secrecy of reports or methods of computation in net worth cases has been sharply diminished in this circuit. United States v. O'Connor, 2 Cir., 273 F.2d 358, Smith, J.

My conclusion is that the hearing should be held. The stay is modified, of course, to the extent that proper procedures may be used to toll the statute of limitations. Decision to vacate the original order to show cause obtained by petitioners is reserved until the hearing is held.

It is so ordered.