# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2158

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Christopher Shawn Deaton, | * | Eastern District of Arkansas. |
| | * | |
| Appellant. | * | [Published] |

_____

Submitted:   March 11, 2003
Filed:   May 9, 2003

_____

Before HANSEN,[1] Chief Judge, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Christopher Shawn Deaton challenges the judgment entered by the district court[2] upon a jury verdict finding him guilty of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced Deaton to 57 months imprisonment and 3 years supervised

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

[2]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

release, having applied, as relevant, a 2-level adjustment to Deaton's base offense level under the Sentencing Guidelines because the offense involved the possession of images of prepubescent minors, or minors younger than age 12. For reversal, Deaton argues (1) the district court committed plain error in failing to consider the Supreme Court's decision in Ashcroft v. Free Speech Coalition, 122 S. Ct. 1389 (2002), because there was no proof offered at trial that the images on his computer depicted actual children; (2) the district court erred in applying the 2-level enhancement under section 2G2.2(b)(1), because there was no proof that the images depicted real children under age 12; and (3) the district court erred in denying Deaton's motion to suppress incriminating statements he made to a federal agent. For the reasons that follow, we affirm.

In Ashcroft v. Free Speech Coalition, the Supreme Court struck down, as overbroad and unconstitutional, portions of the Child Pornography Prevention Act of 1996. See id. at 1406. In particular, the Court addressed 18 U.S.C. § 2256(8)(B), which prohibits any visual depiction, including a computer-generated image, that "is, or appears to be, of a minor engaging in sexually explicit conduct," and 18 U.S.C. § 2256(8)(D), which prohibits any sexually explicit image that was "advertised, promoted, presented, described, or distributed in such a manner that conveys the impression" of depicting "a minor engaging in sexually explicit conduct." See id. at 1396-1406. An element of the statute under which Deaton was convicted, however, is that production of the prohibited material in the defendant's possession involved the sexual exploitation of a minor. See 18 U.S.C. § 2252(a)(4)(B)(i); United States v. Chrobak, 289 F.3d 1043, 1046 n.3 (8th Cir. 2002) (noting that § 2252 was not held invalid in Ashcroft v. Free Speech). In this case, the jury was not instructed that it could find Deaton guilty if the images found on his computer "appeared" to be child pornography. Instead, the jury was instructed that it needed to find that production of the images involved the use of a minor. Further, we have previously upheld a jury's conclusion that real children were depicted even where the images themselves were the only evidence the government presented on the subject. See United States

v. Vig, 167 F.3d 443, 449-50 (8th Cir.) (government, as part of affirmative case, was not required to negate unsupported speculation that images may have been computer-generated or other than what they appeared to be), cert. denied, 528 U.S. 859 (1999). Having viewed the exhibits, we find no plain error. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review; for error to be "plain," it must be "clear under current law").

As to Deaton's argument that the 2-level enhancement under section 2G2.2(b)(1) could not be imposed absent proof that the images involved actual children under age 12, we likewise affirm the district court's ruling as not erroneous. See United States v. Parker, 267 F.3d 839, 846-47 (8th Cir. 2001) (standard of review), cert. denied, 122 S. Ct. 1592 (2002). The pictures themselves support the district court's determination that the images were plainly of children under age 12, and depicted actual children. See Vig, 167 F.3d at 449-50.

Finally, reviewing for clear error the factual findings underlying the district court's determination that Deaton was not "in custody" when he was interviewed by and made certain statements to a federal agent, and independently applying the controlling legal standard to the historical facts, see United States v. Axsom, 289 F.3d 496, 500 (8th Cir. 2002) (standard of review), we agree with the district court's finding at the conclusion of the suppression hearing that Deaton had not been subjected to a custodial interrogation. In particular, Deaton acknowledged being informed he was not under arrest, he was told he could drive his own car to the bank and then his shop, and he characterized the agent's questioning of him as polite. Absent any evidence that strong-arm tactics were used during the 25-30 minute interview, or other indicia that a custodial interrogation took place--and we see none-- we must reject Deaton's argument that his statements should have been suppressed. See Axsom, 289 F.3d at 500-02 (discussing indicia of custodial interrogation).

Accordingly, we affirm.

A true copy.

Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.