

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2005

# USA v. Destio

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3110

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Destio" (2005). *2005 Decisions.* Paper 232.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/232

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3110
_____

UNITED STATES OF AMERICA

v.

JADE DESTIO,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00052)
District Judge:  Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2005

Before:  SLOVITER, FISHER and GREENBERG, *Circuit Judges*.

(Filed November 14, 2005)

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Jade Destio appeals the District Court's judgment of conviction and sentence,

alleging that the District Court erroneously denied his pretrial motions.  Destio was

convicted under 18 U.S.C. § 2252(a)(4)(B), which prohibits the possession of materials

depicting the sexual exploitation of a minor. Destio argues that (1) the Child

Pornography Prevention Act of 1996 ("CPPA") is unconstitutional; (2) the indictment

against him was not based upon probable cause; and (3) the case must be remanded for a

new sentencing hearing because the District Court did not know it had the authority to

make Destio's concurrent sentence retroactive. For the reasons that follow, we will

affirm the judgment of the District Court.

I.

As we write only for the parties, we set forth only those facts necessary to our

analysis. On September 13, 2002, officers of the Pennsylvania State Police obtained

Destio's computer during the execution of a search warrant at his home. The computer

was found to contain over 300 images depicting minors engaging in sexually explicit

conduct. The Federal Bureau of Investigation ("FBI") then compared the images with all

the images of known children depicted in other child pornography cases.[1] None of the

children depicted were known children.

On September 24, 2002, Destio was arrested on a state charge of statutory sexual

assault. After entering a plea of guilty, Destio was sentenced to three to six years

imprisonment on this charge by the Court of Common Pleas of Monroe County,

Pennsylvania.

---

[1]This is routinely done in child pornography prosecutions to determine if the identity and location of any of the depicted children are known to federal authorities.

On February 25, 2003, a federal grand jury returned an indictment against Destio on one count of possessing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).

On June 9, 2003, Destio was arraigned on the federal indictment and entered a plea of not guilty. Destio subsequently filed pretrial motions to dismiss the indictment. Destio argued that (1) the CPPA was unconstitutional on its face; and (2) the indictment was not based on probable cause with respect to the elements of the charged offense. On December 16, 2003, the District Court denied Destio's pretrial motions.

On January 13, 2004, a federal grand jury returned a two-count superseding indictment, charging Destio with violating 18 U.S.C. § 2252(a)(4)(B) and with production of child pornography in violation of 18 U.S.C. § 2251(a).[2] In order to preserve the issue for appellate review, Destio filed pretrial motions with regard to count one of the superseding indictment. These motions were identical in substance to the motions filed as to the original indictment, and were also denied by the District Court.

On March 29, 2004, Destio pled guilty to count one of the superseding indictment based on a plea agreement that permitted him to appeal the denial of his pretrial motions.

On July 13, 2004, Destio was sentenced to thirty-six months imprisonment. This sentence was to run concurrent to his unexpired state sentence from the date of the federal sentence. This timely appeal followed.

---

[2]Count two was based on a videotape he made of his fifteen-year-old stepdaughter.

3

II.

A.

Destio's first argument is that his constitutional challenge to the indictment should have been sustained. Destio argues that *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), invalidates the entire CPPA, including the provision under which Destio was indicted and convicted. We exercise plenary review over questions concerning the constitutionality of statutes. *United States v. Rodia*, 194 F.3d 465, 469 (3d Cir. 1999).

*Ashcroft v. Free Speech Coalition* struck down, as overbroad and unconstitutional, two subsections of the CPPA that were part of the statutory definition of "child pornography." *Free Speech Coalition*, 535 U.S. at 256, 258. Those provisions were 18 U.S.C. § 2256(8)(B), which prohibits any visual depiction, including a computer-generated image, that "is, or appears to be, of a minor engaging in sexually explicit conduct," and 18 U.S.C. § 2256(8)(D), which prohibits any sexually explicit image that was "advertised, promoted, presented, described, or distributed in such a manner that conveys the impression" of depicting "a minor engaging in sexually explicit conduct."[3] *Id. Free Speech Coalition* held that the "virtual pornography" prohibited by these provisions is speech that is protected under the First Amendment. *Id.*

---

[3]In 2003, Congress repealed 18 U.S.C. § 2256(8)(D) and amended 18 U.S.C. § 2256(8)(B). Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act, Pub. L. No. 108-21, § 502(a)(1), (a)(3), 117 Stat. 650, 678 (2003).

Destio argues that these unconstitutional definition provisions taint the entire CPPA, and that *Free Speech Coalition* thus effectively held the entire CPPA unconstitutional. This argument finds no support in the language of *Free Speech Coalition*. By its very terms, § 2252(a)(4)(B) applies only if the prohibited materials in the defendant's possession involve the sexual exploitation "of a minor."[4] It does not prohibit "virtual pornography" of the type at issue in *Free Speech Coalition*. Moreover, § 2252(a)(4)(B) does not even use the term "child pornography." *Free Speech Coalition*, therefore, has no impact on prosecutions under § 2252(a)(4)(B).

Several of our sister courts of appeals have rejected arguments that the holding of *Free Speech Coalition* has an effect on the entire CPPA. *See, e.g., United States v. Kimler*, 335 F.3d 1132, 1141 (10th Cir. 2003) (citing *United States v. Pearl*, 324 F.3d 1210, 1213 (10th Cir. 2003) (noting that 18 U.S.C. § 2256 contained both constitutional and unconstitutional definitions of "child pornography")), *cert. denied*, 539 U.S. 934 (2003); *United States v. Deaton*, 328 F.3d 454 (8th Cir. 2003). The Eighth Circuit in *Deaton* noted that it was an element of § 2252 that the production of the prohibited

_____

[4]"[Any person who] knowingly possesses 1 or more books, magazines periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct [shall be punished as provided in subsection (b) of this section]." 18 U.S.C. § 2252(a)(4)(B).

5

material involve the sexual exploitation of a minor, and that *Free Speech Coalition*, therefore, did not apply. *Deaton*, 328 F.3d at 455. In *Kimler*, the Tenth Circuit noted that it was clear that the Supreme Court's holding in *Free Speech Coalition* is limited to the constitutionality of subsections 2256(8)(B) and 2256(8)(D). *Kimler*, 335 F.3d at 1141. We agree with our sister courts' assessment of the scope of *Free Speech Coalition*: its holding simply has no bearing upon § 2252(a)(4)(B).

As the statute at issue does not encompass virtual pornographic images, it is not impacted by the Supreme Court's holding in *Free Speech Coalition*. Destio's constitutional challenge is without merit.

### B.

Destio's second argument is that the superseding indictment was not based on probable cause with respect to two elements of the offense charged, and that his motion to dismiss should have been granted as a result. Destio contends that the indictment was flawed because the government failed to show probable cause that the images in question involved the use of actual children and that the government also failed to show that Destio knew the images involved the use of actual minors.

As an initial matter, we do not believe that Destio is entitled to challenge the sufficiency of the evidence presented to the grand jury. It is well settled that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables

6

him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (citing *United States v. Carll*, 105 U.S. 611, 612 (1882)).

An indictment returned by a legally constituted and unbiased grand jury is sufficient, if valid on its face, to proceed to trial on the merits. *Costello v. United States*, 350 U.S. 359, 363 (1956). A defendant is not entitled to challenge an indictment on the ground that it is not supported by adequate or competent evidence. *United States v. Calandra*, 414 U.S. 338, 344-45 (1974); *United States v. Labate*, 270 F.2d 122, 123-24 (3d Cir. 1959) (citing *Costello*, 350 U.S. at 363-64); *see also United States v. Maceo*, 873 F.2d 1, 3 (1st Cir. 1989) (stating that a court should not inquire into the sufficiency of the evidence before the indicting grand jury).

Destio, however, attempts to distinguish himself from this rule by arguing that the grand jury must be biased due to the failure of the prosecutor to apprise the grand jury of the government's inability to identify actual children in the images. There is no merit to this position.

In a prosecution under § 2252(a)(4)(B), the government need not prove the identities of the children involved. The government need only prove that the images

7

involve actual children, and this may be done by a view of the images themselves, or by non-expert testimony. *Kimler*, 335 F.3d at 1142 (stating that expert testimony not required in order to sustain a conviction under 18 U.S.C. § 2252), *Deaton*, 328 F.3d at 455 (upholding a jury's conclusion that real children were depicted where images themselves were only evidence presented on the subject); *United States v. Hall*, 312 F.3d 1250, 1260 (11th Cir. 2002) (stating that pictures themselves sufficient to support jury finding that actual children involved), *cert. denied*, 538 U.S. 954 (2003).

In this case, the images were viewed by the grand jury. The grand jury also considered testimony from an FBI agent, who testified that the images on Destio's computer depicted actual minors. Thus, the evidence before the grand jury in this case can easily support a finding of probable cause that the images involved actual children; in fact, in *Kimler*, *Deaton*, and *Hall*, similar evidence was deemed sufficient even under the more exacting "proof beyond a reasonable doubt" standard. Destio's second challenge has no merit.

## C.

Destio's final argument is that his case must be remanded for resentencing. At the end of the sentencing hearing, Destio's counsel asked the District Court if the concurrent sentence ran from the date of federal sentencing. The District Court replied that it did. After an off-the-record discussion, during which Destio's counsel inquired whether the sentence could be made retroactive to various dates in the past, including the date of

8

Destio's initial arrest on state charges, the District Court went back on the record and stated as follows: "I don't know whether I have the authority to do that or not, but in any event, if I do have the authority, I do not feel it is warranted in this case."

Destio argues that the District Court's refusal to grant his request must be considered an abuse of discretion because the District Court did not understand that it had the discretion under Section 5G1.3 of the United States Sentencing Guidelines to impose the sentence retroactive to the requested dates. This argument is without merit. The District Court expressly stated that, if it had the authority to grant Destio's request, it would not exercise that discretion given the facts of the case. Because the District Court expressly stated that it would choose not to exercise its discretion if it did possess the authority to grant Destio's request, we cannot find an automatic abuse of discretion based on the District Court's failure to recognize its authority.

Moreover, the government correctly asserts that we do not have jurisdiction to review the District Court's denial of Destio's request. In support of this argument, the government cites application note 3(E) to Section 5G1.3 of the Guidelines. U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.3(E) (2003).[5] This provision provides that

_____

[5]We note that, pursuant to section 1B1.11(b)(1), Destio was sentenced under the 2001 edition of the Guidelines Manual, and this application note was not added until the 2003 edition. U.S. Sentencing Guidelines Manual app. c. However, when applying an earlier edition of the Guidelines Manual, a court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes. U.S. Sentencing Guidelines Manual § 1B1.11(b)(2). As the addition of application note 3(E) was a clarifying amendment, we will consider it in our analysis.

9

"subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." The provision further provides that in certain cases it may be appropriate for the court to grant a downward departure based on such a sentence. *Id.* Thus, the government contends, Destio's request was tantamount to a request for a downward departure.[6]

The government argues that we lack jurisdiction to review the District Court's refusal to grant Destio's request for a downward departure. Although we generally do not have jurisdiction to review a district court's denial of a requested downward departure, *United States v. Minutoli*, 374 F.3d 236, 239 (3d Cir. 2004), we do have jurisdiction if the refusal to grant the downward departure was based on the court's erroneous belief that it

---

[6]Prior to the enactment of application note 3(E), we stated that "credit for time served on a pre-existing sentence is allowed under § 5G1.3(c)." *Ruggiano v. Reich*, 307 F.3d 121, 130 (3d Cir. 2002). We further noted that imposing a concurrent sentence retroactively to coincide with time served on a pre-existing sentence is properly termed an adjustment, and not a credit or downward departure. *Id*. at 133.

Although application note 3(E) clearly allows a district court to give credit for time served on a pre-existing sentence in extraordinary circumstances, it also clearly states that such a credit is properly deemed a downward departure and not an adjustment. U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n 3(E) (2003). The policy statements and commentary contained in the Guidelines are binding on the federal courts. *Ruggiano*, 307 F.3d at 128 n.4 (citing *Rios v. Wiley*, 201 F.3d 257, 260 n.3 (3d Cir. 2000)). Thus, to the extent it is contradicted by application note 3(E), we believe that *Ruggiano* is abrogated by the new commentary contained in the Guidelines. We will, therefore, consider Destio's request as one for a downward departure.

We note, however, that we would reach the same result if we considered Destio's request as one for an adjustment.

10

lacked discretion, *United States v. Dominguez*, 296 F.3d 192, 194 (3d Cir. 2002). We must determine which rule applies to the present case.

In *Dominguez*, the district court refused to grant a requested downward departure solely on the ground that it lacked discretion to do so. In fact, the court stated that, if it had discretion to grant a downward departure, it would depart downward by four levels. *Id.* In contrast, the District Court below clearly stated that, if it did have the authority to grant Destio's request, it would not exercise that discretion because it was not appropriate in this case. Therefore, the District Court's refusal to grant the downward departure was not based on the court's erroneous belief that it lacked discretion, and we thus have no jurisdiction to review the District Court's refusal to grant the request. *Cf. Dominguez*, 296 F.3d at 194.

Moreover, if we did reach the issue, we could not find an abuse of discretion in the District Court's refusal. The nature of the underlying state offense is heinous and, as a result, the District Court's decision was entirely appropriate.[7] This is true regardless of whether Destio's request is properly deemed a request for a downward departure or a request for an adjustment.

---

[7]Destio provided alcohol to his fifteen-year-old stepdaughter, had her undress, videotaped her, and then sexually assaulted her.

11

III.

Destio's arguments have no merit.  Accordingly, we will affirm the District

Court's judgment of conviction and sentence.