The UNITED STATES of America, Plaintiff,

v.

Theodore SIMMONS a/k/a "Joseph Kahlil Simmons" "Joseph K. Simmons," Defendant.

Crim. No. 02–591.
Civ. No. 05–2448.

United States District Court,
E.D. Pennsylvania.

Aug. 28, 2006.

Thomas M. Zaleski, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

## MEMORANDUM

DuBOIS, District Judge.

Petitioner, Theodore Simmons ("Simmons"), filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the " § 2255 Motion") in which he asks the Court to vacate a sentence imposed on him following a guilty plea on the ground that his counsel was ineffective for failing to properly pursue an appeal. In Petitioner's Traverse to the Government's Response to His Motion under § 2255, Simmons raises two additional arguments: (1) he did not knowingly and intelligently waive the "concurrent nature of his state and federal sentence"; and (2) his counsel was ineffective in negotiating his Guilty Plea Agreement by failing to include exceptions to the appellate waiver provision. The Court will treat these arguments as though they were raised in the § 2255 Motion.

For the reasons set forth below, the Court concludes that Simmons knowingly and intelligently waived his right to appeal and that his ineffective assistance of counsel arguments are without merit. Therefore, the § 2255 Motion is denied.

## I. BACKGROUND

On September 19, 2002, Simmons was charged in an Indictment with four counts of making false statements to a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A), and four counts of possess-ing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Based on these charges, Simmons faced a mandatory minimum sentence of 180 months under 18 U.S.C. § 924(e).

On February 19, 2003, Simmons appeared before the Court and, pursuant to a Guilty Plea Agreement, pled guilty to all counts of the Indictment. Under the Guilty Plea Agreement, Simmons agreed to, inter alia, the following the provisions with respect to the right to appeal or collaterally attack his sentence:

9. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

b. If the government does not appeal, then notwithstanding the waiver provision set forth in paragraph 9 above, the defendant may file a direct appeal but may raise only claims that:

i. the defendant's sentence exceeds the statutory maximum; or

ii. the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range.

Guilty Plea Agreement ¶ 9.

At the plea hearing, the Court engaged in a colloquy with Simmons pursuant to Federal Rule of Criminal Procedure 11.

During the colloquy, the Guilty Plea Agreement was explained to Simmons and he stated that he understood the Agreement and, in particular, the limitations imposed on his right to appeal or collaterally attack his sentence under the Agreement. Change of Plea Hearing Transcript, Feb. 19, 2003, at 17–19.

When Simmons pled guilty, he was serving a 15–year sentence for a drug-related offense in New Jersey. That conviction and sentence and a sentence and conviction in Pennsylvania are relevant to the issues presented in the § 2255 Motion. On January 26, 1999, Simmons pled guilty to the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance and was sentenced to a term of 3 to 6 years in the Philadelphia Court of Common Pleas. Presentence Report ¶ 37. When sentenced in Pennsylvania, Simmons was incarcerated in New Jersey and the sentencing court permitted service of the Pennsylvania sentence to run concurrently with the New Jersey sentence and for the Pennsylvania sentence to be served in New Jersey. *Id.* On November 12, 1999, Simmons was adjudged guilty in New Jersey Superior Court for possession of a controlled dangerous substance with intent to distribute and sentenced to a 15–year term of imprisonment. *Id.* ¶ 38.

On May 19, 2004, this Court sentenced Simmons to, *inter alia*, 180 months imprisonment, the mandatory minimum sentence, based on the § 924(e) charge. The Court ordered the term of imprisonment for all eight federal counts to run concurrently with one another and concurrently with Simmons's prior undischarged terms of imprisonment in New Jersey and Pennsylvania. The Court denied Simmons's request to "adjust" his sentence to be effective as of January 26, 1999, the date of incarceration for the first undischarged term of imprisonment. Instead, the Court recommended that the Bureau of Prisons give Simmons credit for time served in federal custody, beginning October 17, 2002.

Simmons's counsel filed a timely notice of appeal on May 28, 2004. On July 1, 2004, the government filed a Motion to Enforce Appellate Waiver and to Dismiss Appeal for Lack of Jurisdiction. Simmons's counsel never filed a response. On August 31, 2004, the Third Circuit dismissed Simmons's appeal for lack of appellate jurisdiction based on the appellate waiver.

On June 20, 2005, Simmons filed the § 2255 Motion. In his request for habeas relief, Simmons argues that his counsel's failure to properly pursue a direct appeal of his sentence constitutes ineffective assistance of counsel in violation of his Sixth Amendment rights. Memorandum of Law in Behalf of Theodore Simmons Petition for Writ of Habeas Corpus Relief at 3. Simmons contends that his counsel should have appealed the specific question of whether this Court erred in not adjusting his mandatory minimum sentence based on the time he had spent in state custody, beginning January 26, 1999. *Id.* at 5. In Petitioner's Traverse to the Government's Response to his Motion under § 2255, Simmons argues that he did not knowingly and intelligently waive his right to appeal the issue of the sentencing adjustment and that his counsel was ineffective due to his failure to negotiate, as part of the Guilty Plea Agreement, the right to appeal the issue of the sentencing adjustment pursuant to U.S.S.G. § 5G1.3. Petitioner's Traverse to the Government's Response to his Motion under § 2255 ("Traverse") at 6.

## II. DISCUSSION

### A. Simmons's Waiver of Right to Appeal or File a § 2255 Motion

 In the Third Circuit, "waivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice."

*United States v. Khattak,* 273 F.3d 557, 558 (3d Cir.2001); *see also United States v. Hartwell,* 436 F.3d 174, 175 n. 1 (3d Cir. Jan.31, 2006). Waivers of appeals should be strictly construed. *Khattak,* 273 F.3d at 562. In determining whether a defendant's waiver of appellate rights was knowing and voluntary, the role of the sentencing judge in conducting a colloquy under Federal Rule of Criminal Procedure 11 is critical. *Id.* at 563. Under Federal Rule of Criminal Procedure 11, before accepting a plea of guilty, the Court must address the defendant personally and determine that the defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence. Fed.R.Crim.P. 11.

■ Simmons does not contest that he knowingly and voluntarily waived his appellate rights generally. Instead, Simmons narrowly argues that "he did not knowingly waive a claim on appeal that the sentence should have been imposed to run concurrently with the state sentence he was presently serving at the time." Traverse at 3. Simmons asserts that, at the sentencing hearing on May 19, 2004, he was led to believe that this specific issue was not subject to his waiver of appellate rights. *Id.* at 3–4. Simmons's argument is based on, *inter alia,* the following comments at the May 19, 2004 sentencing hearing:

> THE COURT: The defense in my judgment can appeal and raise the whole question of this limitation on the right of appeal. . . . See what happens. I'm inviting that course in this case. I don't think I can say it's an appropriate course. I haven't really thought it out but I'm inviting it.

Sentencing Hearing Transcript, May 19, 2004, at 50: 5–10. The Court added that "I would not be unhappy if the Court of Appeals told me that ... I did have discretion [to adjust the sentence] because a 15 year sentence is a long sentence for your crime. . . . " *Id.* at 48:17–21.

In analyzing the effectiveness of Simmons's waiver of appellate rights, the Court concludes that Simmons's reference to the sentencing hearing on May 19, 2004 is unavailing. Simmons acknowledged the waiver of his appellate rights during the change of plea hearing on February 19, 2003, not at the sentencing hearing. Change of Plea Hearing Transcript at 17–19. The Court colloquied Simmons on the waiver of his appellate rights, and Simmons stated that he understood that the Guilty Plea Agreement limited his right to appeal and collaterally attack his sentence. *Id.* at 18–19. Accordingly, the Court concludes Simmons's waiver of his right to appeal or collaterally attack his sentence was knowing and voluntary. *See United States v. Buchanan,* 2005 WL 408043, at *3 (E.D.Pa. Feb.18, 2005) (citing *United States v. Fagan,* 2004 WL 2577553, **3–4, 2004 U.S. Dist. LEXIS 22456 at *11–*12 (E.D.Pa. Oct. 5, 2004)). Whatever Simmons may contend he was "led to believe" at his May 19, 2004 sentencing is irrelevant to the Court's analysis; Simmons acknowledged that his appellate rights were restricted based on the terms of the Guilty Plea Agreement more than a year before he was sentenced.

In addition, none of the circumstances that would allow Simmons to file an appeal (or a collateral attack) of his sentence under the terms of the Guilty Plea Agreement have occurred. The Government has not appealed; Simmons's sentence does not exceed the statutory maximum for the charged offenses; and the Court did not erroneously grant an upward departure. *See* Guilty Plea Agreement ¶ 9. Furthermore, Simmons has not made any showing that enforcing his appellate waiver would work a miscarriage of justice.

■ The Third Circuit has declined to identify specific situations in which en-

forcement of an appellate waiver provision would work a miscarriage of justice and has instead endorsed the case-by-case approach established in *United States v. Teeter*, 257 F.3d 14 (1st Cir.2001). *Khattak*, 273 F.3d at 563. Under the *Teeter* approach, the Court must weigh several factors when deciding whether to relieve a defendant of his waiver; these factors include "the clarity of the error, its gravity, its character (*e.g.*, whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Khattak*, 273 F.3d at 563. As explained in detail below (Part II.B, *infra*), enforcement of Simmons's appellate waiver does not work a miscarriage of justice because the Court did not err in refusing to order that his federal sentence run concurrently with an undischarged term of imprisonment, beginning at the inception of the earlier undischarged term, January 26, 1999.

### B. Ineffective Assistance of Counsel

Simmons argues that his counsel's failure to properly pursue an appeal and failure to negotiate the right to appeal the issue of concurrent sentencing under U.S.S.G. § 5G1.3 constitute ineffective assistance of counsel. It is Simmons's position that his counsel's representation was objectively unreasonable and that he was prejudiced by his counsel's deficient performance.

To succeed on a claim of ineffective assistance of counsel, a defendant must show (1) his counsel's performance was deficient; and (2) that this deficient performance

prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The measure for counsel's performance under the first prong of *Strickland* is "reasonableness under prevailing professional norms." *Id.* at 688, 104 S.Ct. 2052. As to the second prong of *Strickland*, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

 Simmons asserts two theories of ineffective assistance of counsel—failure to properly pursue a direct appeal and failure to negotiate the appellate waiver out of the Guilty Plea Agreement. The Court rejects both theories of ineffective assistance of counsel based on the second prong of the *Strickland* test—that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Both of Simmons's ineffective assistance of counsel arguments turn on the question of whether this Court erred in refusing to impose a federal sentence to run concurrently with an unrelated state sentence, dating back to the inception of the first unrelated state sentence. The Court concludes that such back-dating would have been improper because it is not permitted under U.S.S.G. § 5G1.3(c) and, under a recent Third Circuit opinion, it amounts to an unauthorized downward departure from a mandatory minimum sentence. Specifically, section 5G1.3(c) cannot be used to depart from a statutory mandatory minimum sentence under § 924(e).

The only portion of § 5G1.3 applicable to Simmons's situation is subsection (c).[1]

---

**1.** Subsection (a) applies when the new offense was committed while the defendant was serving a term of imprisonment. All of the offenses at issue were committed prior to the time that Simmons was placed in custody. Subsection (b) applies when the instant offense and the offense for which the undischarged term was imposed relate to the same crime. In this case, Simmons was convicted of drug-related offenses in New Jersey and Pennsylvania; he pled guilty to weapons-re-

Subsection (c) is the "catch-all provision" and states that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Simmons argues that, under the rule announced in *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir.2002), the Court had the authority to impose and should have imposed a retroactive concurrent sentence. The Court did not agree with this argument at Simmons's sentencing and reaches the same conclusion at this time.

The Third Circuit's decision in *Ruggiano* established the authority of a sentencing court to adjust a sentence under § 5G1.3(c) by reducing it to account for time-served on an unrelated undischarged term of imprisonment. *Id.* at 133. That case, however, did not involve a mandatory minimum sentence. Moreover, this Court has found no authority for the proposition that, under § 5G1.3(c), a statutory mandatory minimum federal sentence can be imposed to run concurrently with an unrelated state sentence, dating back to the inception of the state sentence. *Cf. United States v. Kiefer*, 20 F.3d 874 (8th Cir.1994) (cited with approval in *United States v. Dorsey*, 166 F.3d 558 (3d Cir. 1999)). In *Kiefer*, applying § 5G1.3(b), the Eighth Circuit concluded that a federal sentence could be imposed to run from the inception of an undischarged term in state court that was fully taken into account in determining the offense level for the federal offense. *Id.* at 876. In that situation, the *Kiefer* court permitted an

adjustment of the mandatory minimum sentence pursuant to § 5G1.3(b), analogizing it to the giving of a credit for time-served, as long as the total sentence in the two related cases was equal to or exceeded the statutory mandatory minimum. *Id.* at 877–78; see also *United States v. Rivers*, 329 F.3d 119, 122 (2d Cir.2003); *United States v. Drake*, 49 F.3d 1438 (9th Cir. 1995).

Based on these decisions, this Court concluded at sentencing that an adjustment to a statutory mandatory minimum under § 5G1.3 was appropriate only when a defendant is serving an undischarged term for the same or related criminal conduct. Sentencing Hearing Transcript, May 19, 2004, at 43–44. Because Simmons was serving a sentence in state custody for a drug-related offense, a retroactive adjustment of the federal sentence was not proper because his federal sentence was for unrelated weapons offenses. *Id.*

Simmons's argument is further undermined by a recent non-precedential opinion in which the Third Circuit concluded that its prior holding in *Ruggiano* had been abrogated by Application Note 3(E) to § 5G1.3.[2] *United States v. Destio*, 153 Fed. Appx. 888 (3d Cir. Nov.14, 2005) (non-precedential). The *Destio* court explained that "[a]lthough application note 3(E) clearly allows a district court to give credit for time served on a pre-existing sentence in extraordinary circumstances, it also clearly states that such a credit is properly deemed a downward departure and not an adjustment." *Id.* at 894 n. 6. Notwithstanding the fact that *Destio* is non-precedential, this Court finds it informative and

lated offenses in federal court. See U.S.S.G. § 5G1.3.

**2.** Application Note 3(E) provides, in relevant part, "Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of

imprisonment already served on the undischarged term of imprisonment. However, in an extraordinary case involving an undischarged term of imprisonment under subsection (c), it may be appropriate for the court to downward depart." U.S.S.G. § 5G1.3, Application Note 3(E).

concludes that Simmons's request under § 5G1.3(c) constitutes a request for a downward departure from a mandatory minimum sentence. The Court had no authority to depart downward under such circumstances.

For all of the foregoing reasons, the Court concludes that, under the second prong of *Strickland,* there is not a reasonable probability that the result of the proceeding would have been different if counsel had pursued the appeal of the retroactive sentencing issue or negotiated the appellate waiver provision out of the Guilty Plea Agreement.

### C. Certificate of Appealability

In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." *Morris v. Horn,* 187 F.3d 333, 340 (3d Cir.1999); *see also* 28 U.S.C. § 2253(c). The Court concludes that Simmons has not made such a showing with respect to any of the Sixth Amendment claims raised in the § 2255 Motion.

### III. CONCLUSION

The Court concludes that Simmons knowingly and voluntarily waived the right to appeal and to collaterally attack his sentence in his Guilty Plea Agreement and that enforcing this waiver does not result in a miscarriage of justice. Simmons's two theories of ineffectiveness of counsel—failing to properly pursue an appeal and failing to negotiate the appellate waiver provision out of the Guilty Plea Agreement—are also rejected. This determination is based on § 5G1.3 of the Guidelines which does not permit a retroactive adjustment of a federal mandatory minimum sentence to the inception of an unrelated state sentence, and the fact that Simmons's argu-

ment constitutes a request for a downward departure from a mandatory minimum sentence, which the Court has no authority to grant. Accordingly, the § 2255 Motion is denied. The Court will not issue a certificate of appealability on the ground that Simmons has not made a substantial showing of a denial of a constitutional right.

### *ORDER*

**AND NOW,** this 25th day of August, 2006, upon consideration of Petitioner's *pro se* Motion to Vacate/Set Aside/Correct Sentence By a Person in Federal Custody Under § 2255 (Document No. 51, filed June 20, 2005), Government's Motion to Dismiss Petition Under 28 U.S.C. § 2255 (Document No. 61, filed March 29, 2006), Government's Response in Opposition to *pro se* Motion to Vacate/Set Aside/Correct Sentence Under 28 U.S.C. § 2255 (Document No. 66, filed April 28, 2006), and Petitioner's *pro se* Traverse to the Government's Response to his Motion under § 2255 (Document No. 69, filed June 6, 2006), for the reasons set forth in the attached Memorandum, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED;** and,

2. A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).